IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 21-cv-01120-LTB-GPG

ALEXANDER NOEL GARCIA,

      Plaintiff,

v.

ADAMS COUNTY,
ADAMS COUNTY COMMISSIONERS,
ADAMS COUNTY SHERIFF'S OFFICE,
ADAMS COUNTY DETENTION FACILITY,
R. REGEANBORN, Sheriff,
LAWS, Adams County Deputy, Chief,
PATALUNA, Adams County Deputy, Commander,
J. SPILLIS, Adams County Deputy,
PERDILLA, Adams County Deputy,
WEINSTEIN, Adams County Deputy,
MULLIKA, Adams County Deputy,
ROMERO, Adams County Deputy,
JOHN DOE,
JANE DOE,
WELLPATH,
D. WEATHERMAX,
MATTHEW GILLESPIE,
KEVIN MIMS,
MAX,
UNKNOWN NURSES,
UNKNOWN DOCTORS,
SHIPLEY, Adams County Deputy,
EXECUTIVE DIRECTOR OF COLORADO DEPT. OF CORRECTIONS,
JENNA CHARREST, Community Parole Officer

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter comes before the Court on the Amended Prisoner Complaint (ECF

No. 14)[1] filed *pro se* by Plaintiff, Alexander Noel Garcia, on June 21, 2010. The matter

has been referred to this Magistrate Judge for recommendation (ECF No. 16)[2].

The Court must construe the Amended Prisoner Complaint and other papers filed

by Mr. Garcia liberally because he is not represented by an attorney. *See Haines v.

Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935

F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire

case file, the applicable law, and is sufficiently advised in the premises. This Magistrate

Judge respectfully recommends that the Amended Prisoner Complaint be dismissed in

part.

## I. DISCUSSION

Mr. Garcia is a pretrial detainee at the Adams County Detention Facility ("ACDF")

in Brighton, Colorado.  He initiated this action on April 22, 2021, by filing *pro se* a

Prisoner Complaint (ECF No. 1).  On June 21, 2021, he filed an Amended Prisoner

---

[1] "(ECF No. 10)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Complaint (ECF No. 14), which is the operative pleading.  Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 6).

In the Amended Prisoner Complaint, Plaintiff alleges a single claim of deliberate indifference to serious medical needs.  He contends that he was denied proper medical treatment for his sleep apnea because he was not provided a C-PAP machine.

According to Mr. Garcia, he arrived at ACDF on February 24, 2021, suffering from pneumonia and MERSA in his lungs.  He also suffers from sleep apnea.  He requested a C-PAP machine from numerous detention facility officials and medical workers to treat his sleep apnea.  He explained that without the C-PAP machine, he "wakes up nightly in pain, chocking [sic] and coughing, with ceassation [sic] of breathing 103 times an hour." (ECF No. 14 at 10).  Instead of receiving his prescribed C-PAP machine, he was provided oxygen.  According to Plaintiff, oxygen is not the prescribed treatment for sleep apnea and with the oxygen machine, he still suffers choking, coughing, and cessation of breathing.  He also has migraines.  He has filed numerous kites and told numerous officials of his need for a C-PAP machine.  However, he has been told that it is the policy of ACDF and WellPath to not provide C-PAP machines and/ or to not treat sleep apnea.

Because Mr. Garcia is a pretrial detainee and he asserts his claim pursuant to § 1983, the Court construes the medical treatment claim as being asserted under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  However, the medical treatment claim is governed by Eighth Amendment standards. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (pretrial detainee's medical treatment claims properly are asserted as Fourteenth Amendment

due process claims but the Eighth Amendment provides the relevant constitutional standards).

Mr. Garcia was advised in the order directing him to file an amended prisoner complaint (*see* ECF No. 9) that, in order to state an arguable constitutional claim regarding medical treatment, he must allege specific facts that demonstrate defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted).  A delay in providing adequate medical care violates the Eighth Amendment only if the delay resulted in substantial harm. *See id.* at 1193.

Under the subjective prong, "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Stated another way,

> The subjective component is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference. A prison medical official who serves solely as a gatekeeper for other medical personnel capable of treating the condition may be held liable under the deliberate indifference standard if [the official] delays or refuses to fulfill that gatekeeper role.

*Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005) (citations, internal quotation marks, and ellipsis omitted).  Simple negligence and even gross negligence are not sufficient to demonstrate a constitutional violation. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).  Furthermore, mere disagreement with jail officials regarding medical care does not satisfy the subjective prong of a deliberate indifference claim. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (inmates do not have a constitutional right to a particular course of treatment).

Mr. Garcia was also ordered to file an amended prisoner complaint that complied with Rule 8 of the Federal Rules of Civil Procedure.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n*

*of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Garcia was also advised that allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in the alleged constitutional violation."). Furthermore, Mr. Garcia was advised that any § 1983 claim against a municipal entity must include specific allegations demonstrating an injury caused by an official municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme

Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Similarly, any § 1983 claim against WellPath must include specific factual allegations demonstrating an injury caused by an official policy or custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("[I]n order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

## A.  Personal Participation of Defendants in their Individual Capacities

Despite the directions given to Mr. Garcia, the Amended Prisoner Complaint fails to allege specific facts to demonstrate each Defendant's personal participation in the violation of his constitutional rights.  The allegations against specific Defendants, where Plaintiff fails to adequately allege their personal participation in a constitutional violation, are described below.

### Defendants Reigenborn, Mullika, John Doe, Jane Doe

Mr. Garcia sues Defendants Reigenborn, Mullika, John Doe, and Jane Doe in their individual capacities. (ECF No. 14 at 5, 7, 8).  However, there are no specific allegations that Defendants Reigenborn, Mullika, John Doe and/or Jane Doe personally participated in the violation of Mr. Garcia's constitutional rights.  Besides being listed as Defendants, Mr. Garcia fails to allege any specific conduct by Defendants Reigenborn, Mullika, John Doe and/or Jane Doe beyond a conclusory statement that "by not

responding to policy's [sic] and procedures set up to address issues arising here at the Adams County Detention Facility, Defendant . . . Sheriff Reigenborn, . . . and John Doe obstructed my due process . . . ." (*Id.* at 12).  Such conclusory allegations fails to establish personal participation of the Defendants.  Therefore, I recommend the claim against them be dismissed.

### Defendants Perdilla, Weinstein and Shipley

Mr. Garcia sues Defendants Perdilla, Weinstein, and Shipley in their individual capacities. (ECF No. 14 at 6, 7, 9).  According to Plaintiff, on February 27, 2021, he was moved to a new cell and he asked Deputy Perdilla and another deputy about receiving power to his cell because he needs a C-PAP machine to treat his sleep apnea. (*Id.* at 11).  On or about April 3, 2021, Plaintiff declared a Medical Emergency after he woke up from a nap and wasn't able to catch his breath. (*Id.*).  Deputy Perdilla responded and Plaintiff told him what happened and that he needed a C-PAP machine. (*Id.*).  Then, Defendant Deputy Weinstein escorted Plaintiff to medical. (*Id.*).  Plaintiff explained the situation to Deputy Weinstein, who told Plaintiff that medical would be able to give him a C-PAP machine. (*Id.* at 11-12).  After arriving at medical, Deputy Weinstein made jokes with another deputy, who Plaintiff believes is Defendant Deputy Shipley, by asking him "are you out of breath too?" (*Id.* at 12).  These allegations concerning the conduct of Defendants Perdilla, Weinstein, and Shipley fail to adequately assert that the Defendants acted with deliberate indifference to Plaintiff's serious medical needs. There are no allegations that these Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety.  Further, there are no allegations that these Defendants did not provide their gate-keeper roles of allowing Plaintiff access to

medical providers.  Instead, the allegations demonstrate that Deputy Perdilla responded to Plaintiff's medical emergency, and Deputy Weinstein promptly escorted Plaintiff to medical.  Therefore, I recommend that the claim against these defendants be dismissed.

### Defendant Romero

Plaintiff sues Defendant Romero in his individual capacity. (ECF No. 14 at 7). Plaintiff alleges that on or about April 5th or 6th, 2021, Deputy Romero came into Plaintiff's cell to see if his C-PAP machine was working. (*Id.* at 12).  Plaintiff told Deputy Romero that he didn't have a C-PAP machine. (*Id.*).  These facts fail to adequately allege that Defendant Romero acted with deliberate indifference to Plaintiff's serious medical needs.  There are no allegations that Defendant Romero knew of and disregarded an excessive risk to Plaintiff's health or safety.  Therefore, I recommend the claim against Defendant Romero be dismissed.

### Defendant Mims

Plaintiff sues Defendant Mims in his individual capacity. (ECF No. 14 at 8). According to Plaintiff, on March 11, 2021, Nurse Kevin Mims responded to one of Plaintiff's kites by stating, "we will not provide you with a CPAP machine" because the jail uses an oxygen concentrator. (*Id.* at 12).  These facts fail to adequately allege that Defendant Mims acted with deliberate indifference to Plaintiff's serious medical needs. There is no indication that Mims knew that Plaintiff faced a substantial risk of serious harm if he was provided only an oxygen concentrator instead of the C-PAP machine. Plaintiff makes no specific allegations that Defendant Mims knew that the oxygen concentrator did not control Plaintiff's symptoms and put him in substantial risk of

serious harm.  Mere disagreement with jail officials regarding medical care does not satisfy the subjective prong of a deliberate indifference claim. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (inmates do not have a constitutional right to a particular course of treatment).  Thus, I recommend that the claim against Defendant Mims be dismissed.

**Defendant Unknown Nurses**

Plaintiff sues Unknown Nurses in their individual capacities. (ECF No. 14 at 11). He asserts allegations against two Unknown Nurses.  One nurse he identifies as "Unknown Male Nurse," and complains of conduct that occurred in March 2021.  The other nurse he identifies as "Unknown Nurse," and complains of conduct that occurred on April 3, 2021.  As for the Unknown Male Nurse, Plaintiff alleges that during the evening MedPass in March 2021, Defendant Unknown Male Nurse told Plaintiff that he just got done checking Plaintiff's cell to see if his C-PAP machine was working. (*Id.* at 11).  When Plaintiff told him that he didn't have a C-PAP machine, the Unknown Male Nurse stated, "they are working on getting you a C-PAP." (*Id.*).  These allegations fail to adequately demonstrate that Defendant Unknown Male Nurse acted with deliberate indifference to Plaintiff's serious medical needs.  Therefore, I recommend that the claim against Defendant Unknown Mail Nurse be dismissed.

I recommend that the allegations against the other Unknown Nurse, for conduct that occurred on April 3, 2021 (*see id.* at 12), be drawn to a presiding judge.

**Defendant Pataluna**

Plaintiff sues Defendant Commander Pataluna in his individual capacity. (*Id.* at 6).  Plaintiff alleges that he sent a kite to Commander Pataluna regarding his need for a

C-PAP machine. (*Id.* at 12).  Someone else responded to the kite.  This is the only specific factual allegation regarding Commander Pataluna, and it fails to adequately allege his personal participation in the violation of Plaintiff's constitutional rights.  There is no indication that Defendant Pataluna knew that Plaintiff faced a substantial risk of serious harm if he was not provided a C-PAP machine.  The denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Davis v. Ark. Valley Corr. Facility*, 99 F. Appx 838, 843 (10th Cir. 2004) (unpublished) (sending correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under  1983).  Thus, I recommend the claim against Defendant Pataluna be dismissed.

**Defendants Executive Director of the CDOC and Jenna Charrest**

Plaintiff sues Defendants Executive Director of the CDOC and Jenna Charrest (the Community Parole Officer), in their individual capacities. (ECF No. 14 at 9). Plaintiff alleges that they failed to keep Plaintiff safe despite his medical history by developing a policy and procedure to keep him in custody.  According to Plaintiff, Defendant Charrest put a hold on Plaintiff's ability to bond out on February 19, 2021, which meant Plaintiff had to remain in custody.  However, Plaintiff fails to adequately allege that the actions and/or policy developed by the Executive Director of CDOC and/ or Defendant Charrest were deliberately indifferent to Plaintiff's serious medical needs. There are no allegations that the Defendants knew that if they did not allow Plaintiff to bond out that he would face a substantial risk of serious harm.  Thus, I recommend that

the claim against Defendants Executive Director of the CDOC and Jenna Charrest be dismissed.

Mr. Garcia fails to provide a short and plain statement of his claim against these Defendants showing he is entitled to relief.  Therefore, I recommend Plaintiff's claim against Defendants Reigenborn, Mullika, John Doe, Jane Doe, Perdilla, Weinstein, Shipley, Romero, Mims, Unknown Male Nurse, Pataluna, Executive Director of the CDOC, and Jenna Charrest be dismissed for failure to comply with the pleading requirements of Rule 8.

**B.  Other Defendants**

I recommend that Plaintiff's claims against Defendants Adams County, Adams County Commissioners, Adams County Sheriff's Office, Adams County Detention Facility, Laws, Spillis, WellPath, Weathermax, Gillespie, Max, Unknown Doctors, and Unknown Nurse be drawn to a presiding judge and, if applicable, a magistrate judge.

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that Plaintiff's claim against Defendants Reigenborn, Mullika, John Doe, Jane Doe, Perdilla, Weinstein, Shipley, Romero, Mims, Unknown Male Nurse, Pataluna, Executive Director of the CDOC, and Jenna Charrest be dismissed without prejudice for failure to comply with the pleading requirements of Rule 8, and that these Defendants be dismissed as parties to this action.  It is

FURTHER RECOMMENDED that Plaintiff's claim against Defendants Adams County, Adams County Commissioners, Adams County Sheriff's Office, Adams County Detention Facility, Laws, Spillis, WellPath, Weathermax, Gillespie, Max, Unknown

Doctors, and Unknown Nurse in the Amended Prisoner Complaint (ECF No. 14) be

assigned to District Judge Christine M. Arguello and Magistrate Judge Kristen L. Mix

pursuant to D.C.COLO.LCivR 40.1(d)(1).

DATED July 29, 2021

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge