IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01120-CMA-KLM

ALEXANDER NOEL GARCIA,

    Plaintiff,

v.

ADAMS COUNTY,
ADAMS COUNTY SHERIFF'S DEPT.,
J. SPILLIS, Sergeant,
WELLPATH,
D. WEATHERWAY,
MAY, Nurse,
MATTHEW GILLESPIE,
KEVIN, RN,
ADAMS COUNTY COMMISSIONERS,
ADAMS COUNTY DETENTION FACILITY, and
LAWS, Chief, Adams County Deputy,

    Defendants.

## ORDER GRANTING MOTIONS TO DISMISS

This matter is before the Court on the motions to dismiss filed by the Wellpath Defendants (Doc. # 64) and the Adams County Defendants (Doc. # 65). The motions are granted for the following reasons.

### I.    BACKGROUND

This is a 42 U.S.C. § 1983 claim alleging violations of a prisoner's constitutional rights. Plaintiff, Alexander Garcia, was a pretrial detainee in the Adams County Detention Facility. (Doc. # 22, pp. 2-3). He alleges that, while he was being detained, he

was denied proper medical treatment for his sleep apnea because he was not provided a CPAP machine. (Doc. # 14, p. 10). He is now suing various Adams County employees, officials, and medical staff, alleging deliberate indifference to serious medical needs. (Doc. # 22, p. 3). Defendants seek dismissal under F.R.C.P. 12(b)(6), arguing that Garcia has failed to state a plausible claim of deliberate indifference.

## II.   LEGAL STANDARD

### A.   DISMISSAL STANDARD

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To determine whether a complaint states a plausible claim for relief, courts apply the two-step analysis outlined in *Twombly*: First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth"; that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680. However,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint "has not shown that the pleader is entitled to relief." *Id*. (internal quotation omitted).

**B.      CONSTRUCTION OF PRO-SE PLEADINGS**

Because Garcia is litigating this case pro se, the Court must construe his pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Id*. However, the Court should not act as a pro-se litigant's advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

**C.      ANALYSIS**

**A.      CLAIM CONSTRUCTION**

Garcia claims Defendants violated his constitutional rights when they failed to provide him with a CPAP machine while he was being held in pretrial detention. (Doc. # 14, p. 3).[1] Although Garcia describes this claim as arising under the "5th, 8th & 15th

---

[1] More specifically, Garcia claims that he lost his CPAP machine at some point prior to being detained and that Defendants violated his rights by failing to give him another one. (Doc. # 14, p. 3).

Amendmen[ts]," the Court construes Garcia's Complaint as asserting a Fourteenth Amendment due process claim for deliberate indifference to his medical needs. *See Wardle v. Ute Indian Tribe*, 623 F.2d 670, 673 (10th Cir. 1980) ("the Fifth Amendment acts as a limit on federal governmental action only."); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."); *see also Ingraham v. Wright*, 430 U.S. 651, 671-672, n. 40 ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." (internal quotation omitted)). However, the Court analyzes the claim using the same standards it applies to an Eighth Amendment deliberate indifference claim. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (pretrial detainee's medical treatment claims properly are asserted as Fourteenth Amendment due process claims but the Eighth Amendment provides the relevant constitutional standards).

B.     **ANALYSIS OF PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM**

"Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical

needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). A claim for deliberate indifference must satisfy both an objective and a subjective component. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met if "the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause." *Id*. (citation and quotation marks omitted). "A medical need is sufficiently serious" to satisfy the objective component "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal citation omitted). The purpose of the objective component is to limit deliberate indifference claims to cases involving significant, as opposed to trivial, suffering. *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014).

The subjective component requires "evidence of the prison official's culpable state of mind," which may be fulfilled by showing that the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference." *Mata*, 427 F.3d at 751 (brackets and quotation omitted). "The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.2006) (internal quotations omitted). "[T]he negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self*,

5

439 F.3d at 1230. Further, a difference of opinion over what the course of treatment should have been or how a doctor should have handled a condition does not state a constitutional violation. A prisoner cannot meet the subjective prong of a deliberate indifferent claim if the defendant was merely exercising her "considered medical judgment." *Id*.

Garcia has failed to establish either prong of his deliberate indifference claim. First, Garcia's claim fails to establish the objective component of a deliberate indifference claim. Although sleep apnea may, in some cases, be a sufficiently serious medical condition to require treatment, Garcia's factual allegations suggest that his sleep apnea may not pose a serious risk to his health. Garcia concedes that, although he was once prescribed a CPAP machine to treat the condition, he lost it at some point prior to his detention, and he did not obtain a new one. (Doc. # 14, p. 12). He does not indicate how long he went without the machine prior to his incarceration; whether he experienced a worsening of his condition during that time; or what efforts he made to obtain a new CPAP machine. However, the fact that Garcia failed to obtain a replacement CPAP machine after he "lost" the original CPAP machine leads the Court to conclude that Garcia's sleep apnea is not a sufficiently serious medical condition so as to make a CPAP machine a necessity, the deprivation of which would place him in imminent harm. *See Boles v. Newth*, 479 Fed. Appx. 836, 840 (10th Cir. 2012) (affirming dismissal of deliberate indifference claim where the plaintiff failed to allege "that devices to take care of his sleep apnea were absolutely unavailable at the health

facility he was visiting, or that being deprived of the devices for several days would place him in imminent harm rather than the theoretical possibility of such harm.").

Furthermore, even if Garcia had adequately pled the objective component of his deliberate indifference claim, Garcia's Complaint would still fail because he has failed to establish the subjective component. Garcia concedes that he received treatment for his sleep apnea during his detention. Specifically, he was prescribed supplemental oxygen and provided with an oxygen concentrator. (Doc. # 14, p. 11). The gist of Garcia's Complaint, therefore, is not that he was denied treatment, but that he did not receive the treatment he wanted – namely, a CPAP machine. (*See* Doc. # 14, p. 11). A difference of opinion over what the course of treatment should have been or how a doctor should have handled a condition does not state a constitutional violation. *See, e.g. Strain v. Regalado*, 977 F.3d 984, 995 (10th Cir. 2020) ("Plaintiff's contention that administering Valium was an inadequate treatment goes to the efficacy of treatment, not deliberate indifference"). "[W]e do not sit as a medical board of review. Where the dispute concerns not the absence of help, but the choice of a certain course of treatment, . . . we will not second guess the doctors." *Sherman v. Klenke*, 653 F. App'x 580, 588 (10th Cir. 2016) (quoting *Sires v. Berman*, 834 F. 2d 9, 13 (1st Cir. 1987 (internal quotation marks omitted)). Because Garcia's Complaint alleges a mere disagreement with the treatment he received, he has failed to establish that he was treated with deliberate indifference, and his Complaint is subject to dismissal.

### C. LEAVE TO AMEND

Dismissal of a case with prejudice is a harsh remedy. However, a court may dismiss a complaint without leave to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (quoting Hall, 935 F.2d at 1110). Such is the case here. Plaintiff has already amended his Complaint once, and his amended Complaint makes it clear that he was not deprived of necessary medical treatment. Further, since the amended Complaint was filed, Plaintiff has filed at least two dozen motions and other documents, none of which meaningfully bolster the allegations in his Complaint. The Court therefore finds that it would be futile to allow Plaintiff to amend his complaint again, and the case should be dismissed with prejudice.

### D. CONCLUSION

For the foregoing reasons, Wellpath Defendants' Motions to Dismiss (Doc. # 64) and Adams County Defendants' Motion to Dismiss (Doc. # 65) are GRANTED, and the case is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction and Restraining Order (Doc. # 75) is DENIED as moot. It is

FURTHER ORDERED that Wellpath Defendants' Request for a Motion Management Hearing and Stay of Deadlines for Responding to Plaintiff's Pending Motions Until Hearing is Conducted (Doc. # 84) is DENIED as moot. It is

FURTHER ORDERED that Plaintiff's Motion to Correct Filing Fees (Doc. # 100) is DENIED as moot. It is

FURTHER ORDERED that Plaintiff's Motion to Strike Wellpath Defendants Reply's and Responses (Doc. # 107) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion to Enlarge Time to Serve Defendants (Doc. # 109) is DENIED as moot.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge (Doc. # 166) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion for Clarification and Motion to "Relate Back" Supplement Amended Pleading (Doc. # 118) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion for Disclosure Statement (Doc. # 119) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion to Strike Procedurally Defecient [sic] Motions File by Wellpath Defendants (Doc. # 120) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion to Inform the Court of Change in Circumstances (Doc. # 127) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion to Relate Back Amended Complaint for the Purpose of Claims and Defendants Recently Discovered (Doc. # 129) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion to Dismiss Wellpath Defendants' Stipulated Motion and Jury Demand (Doc. # 132) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion to Supplement Second Amended Complaint and Motion to Perform Service on Defendant(s) Under and or Amend Supplemental Pleadings (Doc. # 133) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion to Inform Court of Change of Circumstances (Doc. # 134) is DENIED as moot.  It is

FURTHER ORDERED that Wellpath Defendants' Request for a Motions Hearing and Stay of Deadlines for Responding to Plaintiff's Pending Motions Until Hearing is Conducted (Doc. # 135) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion for Joinder of Parties (Doc. # 138) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Second Motion to Correct Filing Fees Requesting Subsequential () and Performa Service (Doc. # 139) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Emergency Motion to Receive Preliminary Injunction #2 and Restraining Orders (Doc. # 141) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion of Leave to Supplement Amended Complaint and Add Defendants Under Imminent Danger to Physical Injury (Doc. # 142) is DENIED as moot.  It is

FURTHER ORDERED that Plaintiff's Motion to Supplement Pleadings Under Imminent Danger to Physical Injury and Add Defendants Pursuant to Rule 15 & 20 and Inform Court of Change of Circumstances (Doc. # 143) is DENIED as moot.  It IS

FURTHER ORDERED that Plaintiff's Motion for Sanctions for Failure to Comply with Red. R. Civ P. 7.1 by Wellpath Defendants and other Violations Stated in this Motion (Doc. # 144) is DENIED as moot. It is

FURTHER ORDERED that Plaintiff's Motion for Judicial Notice (Doc. # 145) is DENIED as moot.

The Clerk of the Court is directed to close this case.

DATED: February 17, 2022

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge