FILED
United States Court of Appeals
Tenth Circuit

December 1, 2022

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ALEXANDER NOEL GARCIA,

    Plaintiff - Appellant,

v.

ADAMS COUNTY; ADAMS COUNTY SHERRIFF'S DEPT.; J. SPILLIS, Sergeant; WELLPATH; D. WEATHERWAX; MAY, Nurse; MATTHEW GILLESPIE; ADAMS COUNTY COMMISSIONERS; ADAMS COUNTY DETENTION FACILITY; LAWS, Chief, Adams County Deputy,

    Defendants - Appellees.

No. 22-1063
(D.C. No. 1:21-CV-01120-CMA-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Alexander Noel Garcia, a pretrial detainee in the Adams County Detention Facility, filed this lawsuit under 42 U.S.C. § 1983. He sued various entities and individuals, alleging deliberate indifference to a serious medical need. His claim

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rested on allegations that he suffers from sleep apnea and that staff at the detention facility did not treat it with a continuous positive airway pressure (CPAP) machine. The district court dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6). Mr. Garcia appeals, and we affirm.

## I. Background

Mr. Garcia's operative complaint alleged the following facts. He suffers from sleep apnea, a disorder that causes him to stop breathing 103 times per hour and to wake up choking and coughing. He also experiences pain, daily migraine headaches, and "mild [periodic] blackouts." R. at 28.

He received a sleep-apnea diagnosis in 2017 and had been prescribed a CPAP machine. He arrived at the Adams County Detention Facility in 2021, having used a CPAP machine during a prior term of incarceration at the facility. Although staff approved him to use a CPAP machine again if he could provide one, they refused to provide a machine themselves. Mr. Garcia did not have his own CPAP machine, however, because it had been "lost." R. at 28. Medical staff prescribed oxygen and gave him an oxygen concentrator for his sleep apnea, and prescribed Tylenol for his headaches. Despite this treatment, his symptoms persisted.

Based on these allegations, Mr. Garcia filed a complaint alleging deliberate indifference to a serious medical need, a claim available to pretrial detainees under the Fourteenth Amendment. *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). A deliberate-indifference claim has both an objective component and a subjective one. *Id.* To satisfy the objective component, a plaintiff must show "that the

deprivation at issue was in fact sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted). A "medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). The subjective component is satisfied if an "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference." *Strain*, 977 F.3d at 990 (brackets and internal quotation marks omitted).

The district court concluded Mr. Garcia failed to allege facts that could establish either component of a deliberate-indifference claim. It further concluded that allowing Mr. Garcia to amend his complaint would be futile, and it dismissed the complaint with prejudice.

## II. Discussion

### A. Standards of Review

Because Mr. Garcia represents himself, we construe his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we cannot assume the role of his advocate by constructing arguments for him. *See id.*

We review de novo the district court's dismissal under Rule 12(b)(6) for failure to state a claim. *Strain*, 977 F.3d at 989. To survive a Rule 12(b)(6) motion, a "complaint must allege sufficient facts to state a claim for relief plausible on its

face." *Id.* We accept as true all well-pleaded facts in Mr. Garcia's complaint, view them in the light most favorable to him, and draw all reasonable inferences in his favor. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir.), *cert. denied*, 142 S. Ct. 477 (2021).

Although we generally review a denial of leave to amend a complaint for an abuse of discretion, when the "denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015) (internal quotation marks omitted).

**B. The complaint failed to state a claim.**

We will assume Mr. Garcia alleged facts that could establish the objective component of his deliberate-indifference claim.[1] But he failed to allege facts that could satisfy the subjective component. After all, the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). And "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Id.*

That is the case here. Mr. Garcia merely disagrees with the treatment he received for his sleep apnea. Although he underscores that he had been prescribed a CPAP machine in the past, that fact does not support a claim that medical staff acted

---

[1] We therefore need not consider Mr. Garcia's arguments targeting the district court's analysis of the objective component.

with deliberate indifference when they prescribed alternative treatment. *See Strain*, 977 F.3d at 995 (recognizing that a plaintiff's challenge to the adequacy of prescribed treatment "goes to the efficacy of treatment, not deliberate indifference"). Because Mr. Garcia did not allege facts that could show he suffered a constitutional violation, the district court correctly dismissed his claim against all defendants.[2] *See Crowson v. Washington Cnty.*, 983 F.3d 1166, 1186 (10th Cir. 2020) (recognizing that "a claim under § 1983 against either an individual actor or a municipality cannot survive a determination that there has been no constitutional violation"), *cert. denied*, 142 S. Ct. 224 (2021).

Mr. Garcia seems to assert that because his complaint survived an initial screening, res judicata and the law-of-the-case doctrine precluded dismissal under Rule 12(b)(6). Yet he does not support this assertion with analysis or authority. In short, he has not adequately briefed this argument, and we deem it waived. *See Garrett*, 425 F.3d at 841. Even if Mr. Garcia had adequately briefed this argument, however, it would fail. The initial screening is not a final judgment, and district courts remain free to reconsider prior interlocutory orders before entry of final judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).

---

[2] Mr. Garcia argues that the court should have considered the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), before dismissing his complaint with prejudice. But *Ehrenhaus* does not address dismissals under Rule 12(b)(6).

### C. Amending the complaint would be futile.

The district court correctly concluded it would be futile to allow Mr. Garcia to amend his complaint. Arguing otherwise, Mr. Garcia focuses on medical records that he filed separately from his complaint showing a past sleep-apnea diagnosis and a past prescription for a CPAP machine.[3] But Mr. Garcia alleged the past diagnosis and prescription in his complaint, so his medical records add nothing to the complaint's allegations.[4]

Mr. Garcia also says that, by amending his complaint, he could have named previously unidentified medical staff and added allegations that his symptoms grew worse after he contracted COVID-19. But he fails to explain how this new information would remedy his complaint's fundamental shortcoming—its failure to allege facts showing more than his mere disagreement with the treatment he received.[5]

---

[3] Mr. Garcia's medical records were filed (and shall remain) under seal. Even so, we have determined that the public's right to access the information mentioned in this decision outweighs any privacy interest. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011). We have mentioned only those parts of the records relevant to our decision. And Mr. Garcia himself has discussed this same information in public filings.

[4] Because Mr. Garcia's medical records do not affect the merits of his claim, we need not consider his argument that the district court should have taken judicial notice of them.

[5] Mr. Garcia asserts that the district court unfairly denied leave to amend his complaint as a matter of course. A party may amend its pleading once as a matter of course, as relevant here, within 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). During that time frame, however, Mr. Garcia did not

We reject Mr. Garcia's argument that he should now prevail because the defendants have admitted liability by ultimately offering and providing him a CPAP machine.  Mr. Garcia claims to have received the machine after the district court entered judgment, and we "generally limit our review on appeal to the record that was before the district court when it made its decision."  *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).  In any event, the defendants have not admitted liability.

Because allowing Mr. Garcia to amend his complaint would be futile, the district court did not err when it dismissed the complaint without granting leave to amend.  *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

**D.  Mr. Garcia's allegations of judicial bias are unfounded.**

Mr. Garcia appears to seek reversal based on an allegation the district court was biased.  But he supports this argument by citing adverse rulings, which "alone do not demonstrate judicial bias."  *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

### III.  Conclusion

We affirm the district court's judgment.  We grant Mr. Garcia's motion to proceed without prepaying costs and fees.  We deny all other pending motions.

                                Entered for the Court

                                Carolyn B. McHugh
                                Circuit Judge

---

actually attempt to amend his complaint; he instead sought leave to amend his complaint at an unspecified "date in the future."  Second Suppl. R. at 22.

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

December 01, 2022

Alexander Noel Garcia
Adams County Detention Facility
P.O. Box 5001
Brighton, CO 80601
202100000966

**RE:**     22-1063, Garcia v. Adams County, et al
Dist/Ag docket: 1:21-CV-01120-CMA-KLM

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:     Lauren Kuhn
Elizabeth Craigmile Moran
Catherine O'Brien Crum
Michael A. Sink

CMW/na